USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: September 3, 2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA            :
                                    :    14 CR 716 (VM)
     - against -                    :
                                    :    ORDER
BAKTASH AKASHA ABDALLA,             :
                                    :
               Defendant.           :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Baktash Akash Abdalla ("Abdalla") on August 16, 2019 to twenty-five years' imprisonment. (See "Judgment," Dkt. No. 185.) Abdalla pleaded guilty to Counts One through Six of superseding information 14 CR 716, which charged him with one count of conspiracy to manufacture and distribute heroin, one count of conspiracy to manufacture and distribute methamphetamine, one count of manufacturing and distributing heroin, one count of manufacturing and distributing methamphetamine, one count of using and carrying machine guns and destructive devices in furtherance of drug trafficking crimes, and one count of corruption and bribery of public officials to avoid prosecution. He is serving his sentence in FCI Oakdale.

By letter dated August 2, 2020, Abdalla requests immediate compassionate release pursuant to 18 U.S.C.

Sections 3582(c)(1)(A) ("Section 3582"). (See "Motion"[1]; "Exhibit A," Dkt. No. 204.) Abdalla argues that his fragile health condition puts him at a greater risk of contracting COVID-19. Specifically, Abdalla notes that he is 43 years old and suffers from serious health conditions including Type 2 diabetes, obesity, hypertension, and asthma. Abdalla also asserts that at least eight prisoners have died after being infected with COVID-19 at FCI Oakdale.

The Court will deny the Motion. Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) ("Section 3553(a)") and finding that "extraordinary and compelling reasons warrant such a reduction." See Section 3582(c)(1)(A)(i). A court may do so only upon motion of the Director of the BOP or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Section 3582(c)(1)(A). Any reduction of sentence under Section 3582 must also be

---

[1] Because the Motion refers to sensitive health information and attaches Bureau of Prisons ("BOP") health records, it will be filed under seal.

"consistent with applicable policy statements issued by the [United States] Sentencing Commission." Id. United States Sentencing Guidelines Section 1B1.13 ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist.

Abdalla submitted his request to the warden of his facility on May 28, 2020 and, as of August 3, 2020, received no response. (See Exhibit A at 2.) The Motion is thus properly before the Court. In addition, Abdalla clearly suffers from many health conditions, as detailed in his Motion. At least some of these conditions have been found to qualify as "extraordinary and compelling reasons" such that they support the reduction of an inmate's sentence.

Nevertheless, even assuming Abdalla has demonstrated that "extraordinary and compelling reasons warrant" a reduction of his sentence, the Court is not persuaded that the Section 3553(a) factors weigh in favor of his release. These factors require the Court to consider certain objectives of the justice system, including, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. As explained at sentencing, the conduct of which

3

Abdalla was convicted by his guilty plea entailed horrific crimes. He served as a leader of an extensive international criminal enterprise. The charges involved a staggering amount of drugs, possession and use of firearms including machine guns, acts of extreme violence including murder, and the obstruction of justice through bribery of public officials. In short, the seriousness of his crimes merited the length of the sentence imposed. Reducing the sentence would promote neither respect for the law nor the principle of deterrence.

Because the Section 3553(a) factors do not weigh in favor of release, the Court will deny the Motion.

Accordingly, it is hereby

**ORDERED** that defendant Baktash Akasha Abdalla's motion for compassionate release (filed under seal) is **DENIED**. The Clerk of Court is directed to mail a copy of this Order to Baktash Akasha Abdalla, Register Number 91151-054, FCI Oakdale II, Federal Correctional Institution, P.O. Box 5010, Oakdale, LA 71463 and note service on the docket.

**SO ORDERED.**

Dated:   New York, New York
         3 September 2020

_____
Victor Marrero
U.S.D.J.