```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
BAKTASH AKASHA ABDALLA,             :
                Petitioner,         :
                                    :            14 CR 716(VM)
        -against-                   :            20 Civ. 9157 (VM)
                                    :            DECISION AND ORDER
UNITED STATES OF AMERICA,           :
                                    :
                Respondent.         :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge:**

On October 24, 2018, petitioner Baktash Akasha Abdalla ("Abdalla") pled guilty to conspiracy to manufacture and distribute heroin, in violation of 21 U.S.C. §§ 960(B)(1)(A), 963, 959(A), (D) and 18 U.S.C. § 3238 ("Count One"); conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 960(B)(1)(H), 963, 959(A), (D) and 18 U.S.C. § 3238 ("Count Two"); manufacturing and distributing heroin, in violation of 21 U.S.C. §§ 959(A), 960(B)(1)(A) and 18 U.S.C. § 3238 ("Count Three"); manufacturing and distributing methamphetamine, in violation of 21 U.S.C. §§ 959(A), 960(B)(1)(H) and 18 U.S.C. § 3238 ("Count Four"); using and carrying machine guns and destructive devises in furtherance of drug-trafficking crimes, in violation of 18 U.S.C. § 924(O) ("Count Five"); and corruption and bribery of public officials to avoid prosecution, in violation of 18 U.S.C. § 1512(c)(2) ("Count Six"). (See Judgment, Dkt. No. 185.)

1

Now before the Court is Abdalla's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 due to alleged ineffective assistance of counsel. (See "Motion," United States v. Abdalla, No. 14 CR 716 (the "Criminal Docket"), Dkt. No. 213; Abdalla v. United States, No. 20 Civ. 9157 (the "Civil Docket"), Dkt. No. 1.) For the following reasons, the Motion is DENIED.

**I. BACKGROUND**

A. RELEVANT PROCEDURAL HISTORY

On or about January 30, 2017, Abdalla arrived in the Southern District of New York and was appointed an attorney pursuant to the Criminal Justice Act ("CJA"). Abdalla was arraigned on January 31, 2017 and pleaded not guilty. Two months later, Abdalla retained counsel. A second retained attorney ("Prior Counsel") filed a notice of appearance on November 13, 2017 as Abdalla's attorney.

On December 7, 2017, the Government filed a Superseding Indictment (the "S9 Indictment"). The S9 Indictment included seven counts. Abdalla was arraigned on the S9 Indictment on January 5, 2018.

On August 29, 2018, while pretrial motions were pending, the Government sent Prior Counsel a proposed plea agreement (the "Initial Plea Agreement"). The Initial Plea Agreement required Abdalla to plead guilty to Counts One and Two of the

S9 Indictment and would have resulted in a ten-year mandatory minimum term of imprisonment, with a Guidelines sentence of life imprisonment. The deadline to accept the Initial Plea Agreement was September 7, 2018. Abdalla claims that Prior Counsel emailed him stating that the Government "intends to put Abdalla in prison for life," that his trial fee would be "500k US dollars," and that the only person "to prevent [life imprisonment] is me at the trial." (Dkt. No. 217-1, at 8.) Prior Counsel asked Abdalla if he wanted to accept the plea and Abdalla responded, "[H]ow can I agree without sitting with you and looking in to the agreement??" (Dkt. No. 217-1, at 9.) On September 6, 2018, Prior Counsel asked Abdalla if he received a copy of the agreement, and Abdalla responded that he had not. In an email to Abdalla on September 7, 2018, Prior Counsel called the agreement "unacceptable" because of the recommendation of a life sentence. (Id.) The Initial Plea Agreement then expired.

On September 18, 2018, Abdalla sent a letter to the Court asking to be assigned a new lawyer because Prior Counsel was attempting to "extort" money to try the case rather than allow him to plead guilty. (Dkt. No. 217-2.) On October 5, 2018, the Court held a conference on the issue. The Court informed the parties that it would attempt to arrange for an attorney to replace Prior Counsel. On October 12, 2018, a second

conference regarding substitution of counsel was held, and the Court informed the parties that George Goltzer ("Goltzer"), a CJA attorney, would be appointed to replace Prior Counsel. Accordingly, the Court issued an order substituting Prior Counsel with Goltzer.

On October 22, 2018, Goltzer sent the Government a letter requesting the Government reissue the Initial Plea Agreement. On October 23, 2018, the Government sent Goltzer a plea agreement (the "Subsequent Plea Agreement") that, like the Initial Plea Agreement, included a ten-year mandatory minimum term of imprisonment and a Guidelines range of life imprisonment. Unlike the Initial Plea Agreement, however, the Subsequent Plea Agreement required Abdalla waive Indictment and plead guilty to Counts One through Six of the Superseding Information filed on October 24, 2018.

On October 24, 2018, Abdalla pleaded guilty to the Superseding Information pursuant to the Subsequent Plea Agreement. The Court accepted the guilty plea on November 9, 2018.

Following the guilty plea, the Court held a two-day Fatico hearing during which evidence of Abdalla's involvement in a murder was presented. The Court found that the representations in the presentence investigation report regarding Abdalla's involvement in this murder were accurate.

4

(Hearing Tr., Dkt. No. 182, at 245:24-246:3.) On August 16, 2019, Abdalla was sentenced to a below-Guidelines sentence of twenty-five years' imprisonment. Abdalla appealed on August 20, 2019. The Second Circuit dismissed Abdalla's appeal of the term of imprisonment and the fine imposed, and it granted summary affirmance of Abdalla's conviction. (See Criminal Docket, Dkt. No. 220.)

B.  THE PARTIES' ARGUMENTS

In his Section 2255 motion, Abdalla argues that Prior Counsel was ineffective because he intentionally failed to provide him with the Initial Plea Agreement, which he would have accepted if it had been timely provided. Abdalla also argues that Prior Counsel's demand of $500,000 to try the case created a conflict of interest that resulted in the ineffective assistance of counsel.

The Government responds that Abdalla has failed to demonstrate prejudice. The Government argues that Abdalla did not in fact wish to plead guilty initially. The Government further argues that there is no evidence that the Initial Plea Agreement would have resulted in a lower sentence because Abdalla's sentencing exposure remained the same, and he ultimately received a below-Guidelines sentence. The Government contends that the Court's sentencing decision was driven not by the charges themselves, but rather by the

5

circumstances of Abdalla's offenses, such as the quantities of drugs at issue, his leadership role in the conspiracy, and the violence involved.

## II. **LEGAL STANDARD**

"In order to establish an ineffective assistance claim, a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Cardoza v. Rock, 731 F.3d 169, 178 (2d Cir. 2013). With respect to the performance prong, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. To overcome that presumption, a defendant must show that counsel failed to act reasonably considering all the circumstances." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (internal quotation marks, brackets, and citations omitted). While courts are thus deferential to defense counsel's strategic decisions, those decisions must be within "the wide range of reasonable professional assistance." Strickland v. United States, 466 U.S. 668, 689 (1984).

With respect to the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cullen, 563 U.S. at 189 (internal

6

quotation marks omitted). This standard "requires a substantial, not just conceivable, likelihood of a different result." Id. (internal quotation marks omitted). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the plea offer had they been afforded effective assistance of counsel." Missouri v. Frye, 566 U.S. 134, 147 (2012). "To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been favorable by reason of a plea to a lesser charge or a sentence of less prison time." Id.

### III. **DISCUSSION**

The Court need not decide whether Prior Counsel rendered deficient performance in this matter. Given the circumstances of this case, the Court is not persuaded that Abdalla has sufficiently demonstrated prejudice as a result of Prior Counsel's conduct.

Although Abdalla was required to plead guilty to additional charges under the Subsequent Plea Agreement than he would have under the Initial Plea Agreement, that alone is insufficient to establish prejudice. See United States v. Khan, 769 F. App'x 620, 624 (10th Cir. 2019) ("[The defendant]

7

contends prejudice should be determined solely by comparing the charges for which he was originally indicted to the charges to which he ultimately pled guilty. We disagree."). Here, the differing charges are insufficient to demonstrate prejudice.

The mandatory minimum sentence Abdalla faced remained ten years under both agreements, and the advisory Guidelines range under both agreements was lifetime imprisonment. As a result, the Subsequent Plea Agreement did not necessarily increase Abdalla's sentencing exposure. And ultimately, Abdalla received a sentence of twenty-five years' imprisonment, which was significantly below the Guidelines range of life imprisonment. These considerations undermine a finding of prejudice. See, e.g., United States v. Dye, 638 F. App'x 117, 123 (3d Cir. 2015) (noting that the defendant suffered no prejudice for failure to communicate a plea agreement when the sentence ultimately imposed was within the Guidelines range that would be yielded from the plea agreement); see also Cook v. United States, 13 CR 777, 2020 WL 6746378, at *5 (S.D.N.Y. Nov. 17, 2020) (finding no prejudice for deficient performance during the plea-negotiation process because the Guidelines range of the plea agreement was significantly above the sentence imposed by the Court); United States v. Gordon, 17 CR 20067, 2019 WL 3413045,

at *3 (E.D. Mich. July 29, 2019) (finding no prejudice for failure to challenge a sentencing enhancement because the defendant would have faced the same Guidelines range).

Nor can Abdalla establish a reasonable probability that the sentence he received was higher as a result of having to plead guilty to additional charges. Abdalla was sentenced to twenty-five years' imprisonment on Counts One through Five, and he was sentenced to ten years' imprisonment on Count Six. However, these terms run concurrently, and therefore, the additional four charges to which Abdalla pleaded guilty did not increase his overall term of imprisonment. There is thus no reasonable probability that Abdalla would have received a shorter sentence had he pleaded guilty to only Counts One and Two as required under the Initial Plea Agreement.

Furthermore, as demonstrated by the Court's statements at sentencing, the sentence imposed was guided primarily by the Section 3553 factors and the circumstances of the offense, evidence of which was adduced during the <u>Fatico</u> hearing. Namely, the Court considered Abdalla's role as "a leader of an extensive international crime enterprise," the "importation of staggering quantities of unlawful substances" in the United States, as well as the "acts of extreme violence" involved. (Sentencing Tr. at 35:17–36:4.) There is no evidence or reason to believe that these circumstances

would not have been considered, or would have been regarded any differently, by the Court had Abdalla pleaded guilty pursuant to the Initial Plea Agreement. Abdalla has failed to establish prejudice based on the sentence imposed for this reason as well. See Dye, 638 F. App'x at 123 ("Given the district court's care and explanation of the sentence that was imposed, Dye cannot establish that a guilty plea pursuant to the March 2009 plea offer would have had a reasonable probability of achieving a different sentence.").

## IV. ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that petitioner Baktash Abdalla's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (United States v. Abdalla, No. 14 CR 716 (the "Criminal Docket"), Dkt. No. 213, Abdalla v. United States, No. 20 Civ. 9157 (the "Civil Docket"), Dkt. No. 1) is **DENIED**.

The Clerk of Court is hereby directed to mail this Order to Baktash Abdalla, Register Number 91151-0564, at Oakdale Federal Correctional Institution II, P.O. Box 5010, Oakdale, LA 71463 and note service in the docket.

Because Abdalla has failed to demonstrate a denial of a constitutional right, a certificate of appealability will not issue.

**SO ORDERED.**

Dated:   New York, New York
         30 June 2021

_____
Victor Marrero
U.S.D.J.